WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana LLP          James I. Glasser
One Century Tower             203.498.4313
P.O. Box 1832                 203.782.2889 fax
New Haven, Connecticut        jglasser@wiggin.com
06508-1832
www.wiggin.com

June 26, 2013

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    United States v. Noureddine Malki
       Criminal Nos. 05-CR-845-01, 06-CR-216-01

Dear Judge Cogan:

Defendant Noureddine Malki, through undersigned counsel, submits this memorandum in aid of resentencing. For the reasons below—and those set forth in Mr. Malki's prior sentencing memoranda and appellate briefs, each of which is incorporated by reference herein—Mr. Malki respectfully asks that a sentence of time served be imposed by the Court. According to the Bureau of Prisons, Mr. Malki is scheduled to conclude service of his sentence on September 30, 2013.[1] Thus, on the date of the scheduled resentencing, Mr. Malki will have two months left to serve. Upon completion of his federal sentence, it is anticipated that Mr. Malki will be taken into INS custody. Even if Malki is sentenced to time served, his sentence will remain the longest sentence ever imposed on a defendant who has pled guilty to a violation of 18 U.S.C. § 793(e).

Procedural History

The most recent Presentence Investigation Report ("PSR"), filed September 24, 2012, calculated a Total Offense Level of 28 and Criminal History Category of I, resulting in a Guidelines range of 78–97 months. *See* Third Revised PSR at 31.  That calculation included a two-level enhancement for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. *See id.* at 17. On August 1, 2012, your honor adopted the Second Revised PSR (which contained the same Guidelines calculation) and sentenced Mr. Malki principally to a term of 108 months in prison.

On June 11, 2013, the Court of Appeals issued a decision vacating Mr. Malki's sentence on grounds of procedural unreasonableness. *United States v. Malki*, -- F.3d --, 2013 WL 2476839 (2d Cir. June 11, 2013). The Court of Appeals concluded that it was error for the Court to have conducted a *de novo* resentencing on remand of Mr. Malki's first appeal. *Id.* at *4. Specifically, the Court of Appeals found that the application of the two-level abuse-of-trust enhancement was procedurally erroneous.

_____

[1] Mr. Malki's BOP anticipated release date accounts for "good time" credit.

*New Haven   Stamford   New York   Hartford   Philadelphia   Greenwich*

WIGGIN AND DANA

*Counsellors at Law*

Honorable Brian M. Cogan
June 26, 2013
Page 2

*Id.* at *3–4. The Court of Appeals remanded the case with instructions to "resentence Malki by recalculating the Guidelines range without the two-level enhancement for abuse of a position of trust, and without re-litigating issues previously waived or abandoned by the parties, or decided by this or the prior panel." *Id.* at *5. The mandate issued on June 24, 2013.

On June 12, 2013, Your Honor issued an order stating that "under the Second Circuit's decision . . . the only remaining issue on resentencing is what effect, if any, the two-point reduction of the guideline range should have on the sentence and sentencing analysis previously articulated by the Court." Order, *United States v. Malki*, 05-cr-845-BMC (E.D.N.Y. June 13, 2013). The mandate has since issued and sentencing is now scheduled for July 24, 2013.Mr. Malki agrees that this Court is limited on remand to correcting the sentencing error identified by the Court of Appeals—namely, the application of a two-point enhancement for abuse of a position of trust. Without that two-point enhancement, the Total Offense Level is 26 and the corresponding Guidelines range is 63–78 months. However, because the Guidelines are advisory, Your Honor remains free to sentence Mr. Malki anywhere within, below, or above that corrected range, so long as the Court duly considers the criteria identified in 18 U.S.C. § 3553(a) and the resulting sentence is reasonable. *See, e.g., Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)).

### Argument for Sentence of Time Served

With respect to the "effect, if any, the two-point reduction in the guideline range should have," on resentencing, at a minimum, the abuse-of-trust enhancement affected the Total Offense Level and resulted in an increase in the Guidelines range from 63–78 months to 78–97 months. The previously imposed sentence of 108 months was 11 months in excess of the high end of the erroneous Guidelines range. That amounts to a variance of approximately 11% from the Guidelines range. An equivalent variance from the corrected Guidelines range would result in a sentence of 86 months, which is 6 months less than Mr. Malki has already served. Accordingly, Mr. Malki respectfully suggests that a sentence of time served is appropriate on remand.

In contrast, if the Court were to reimpose a sentence of 108 months, that would amount to a variance of 30 months, or approximately 28%, from the corrected Guidelines range. As the Supreme Court has held, "[i]n reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall v. United States*, 552 U.S. 38, 47 (2007). Mr. Malki

WIGGIN AND DANA

*Counsellors at Law*

Honorable Brian M. Cogan
June 26, 2013
Page 3

respectfully submits that the Court's prior findings and Statement of Reasons do not support the degree of variance from the corrected Guidelines range that would be present if the Court were to impose a sentence greater than time served.[2]

This is especially so because there are no new or additional facts before the Court on this second remand that would support a comparatively more severe sentence, relative to the Guidelines range, than that previously imposed. On the contrary, the only arguably new facts before the Court in the instant remand relate to Mr. Malki personal characteristics. As the Supreme Court made clear in *Pepper*, a district court on remand is free to consider evidence of the defendant's post-sentencing rehabilitation. *Pepper*, 131 S. Ct. at 1241. In the year since Mr. Malki was last sentenced, we are informed Mr. Malki has adjusted well and has been employed in the library of the prison and has been assisting other inmates. Thus, if anything, the mix of facts presented on remand counsels in favor of a lower relative sentence than was previously imposed, not an equal or higher sentence.

Finally, it is important to note that the Court of Appeals has never ruled on Mr. Malki's claim that the two sentences previously imposed were substantively unreasonable. *See Malki II*, 2013 WL 2476839, at *5 ("In light of our decision to remand for the limited purpose of correcting the procedural error noted above, we do not address Malki's challenge to the substantive reasonableness of his sentence."); *see also United States v. Malki ("Malki I")*, 609 F.3d 503 (addressing only procedural arguments). By the time he is resentenced, Mr. Malki will have already served 92 months in prison, often under brutally harsh conditions. Mr. Malki has outlined at length, both in this Court and the Court of Appeals, why the sentences previously imposed are substantively unreasonable, and will not belabor the point here, except to direct Your Honor to the relevant pages of the previous sentencing memoranda filed in this Court and appellate briefs filed in the Court of Appeals, which are attached for ease of reference. *See* Noureddine Malki's Memorandum in Aid of Resentencing, ECF No. 59 (Apr. 7, 2011), at 11–28; Noureddine Malki's Supplemental Resentencing Memorandum in Response to the Revised PSR and the Government's Resentencing Memorandum (Aug. 4, 2011), ECF No. 69, at 39–55; Noureddine Malki's Reply to the Government's Supplemental Sentencing Memorandum (Sept. 20, 2011), ECF No. 77, at 13–15; Brief and Special Appendix of Defendant-Appellant Noureddine Malki, *Malki II*, No. 12-3167-

---

2   Mr. Malki is aware, of course, that the Supreme Court has rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall v. United States*, 552 U.S. 38, 47 (2007). The use of percentages above is meant only to illustrate the relative difference in the variance between the previously imposed sentence of 108 months and a hypothetical new sentence of 108 months.

WIGGIN AND DANA

*Counsellors at Law*

Honorable Brian M. Cogan
June 26, 2013
Page 4

cr(L) (2d Cir. Nov. 26, 2012), at 48–60) (attached hereto); Reply Brief of Defendant-Appellant Noureddine Malki, *Malki II*, No. 12-3167-cr(L) (2d Cir. Mar. 12, 2013), at 21–27 (attached hereto). For the same reasons outlined in these previous memoranda—most notably in view of the disparity that would result—Mr. Malki respectfully submits that any sentence in excess of time served would be substantively unreasonable.

We appreciate the Court's consideration of this submission.

Respectfully Submitted,

James I. Glasser

JIG:jv

Attachments

21896/33/2905488.2